IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| WILLIAM BART HUEY, | * |
| Plaintiff, | * |
| vs. | * Civil Action No. _____ |
| CAPTAIN McCALL and OFFICER McKINNEY, | * |
| | * |
| Defendants. | * |
| | * |

# COMPLAINT
## PARTIES

1. Plaintiff William Bart Huey is an adult citizen of the United States, and is a citizen of the state of Alabama.

2. Defendant Captain McCall is, upon information and belief, an adult citizen of the United States, and is a citizen of the state of Alabama. In 2022, Captain McCall was employed as a supervisor at G.K. Fountain Correctional Facility, and is party to this action in his individual capacity.

3. Defendant Officer McKinney is, upon information and belief, an adult citizen of the United States, and is a citizen of the state of Alabama. In 2022, Officer McKinney was employed as a guard at G.K. Fountain Correctional Facility, and is party to this action in his individual capacity.

## JURISDICTION AND VENUE

4. This action states claims under 42 USC §1983.

5. This Court therefore has jurisdiction over this action pursuant to 28 USC §1331, in that Mr.

Huey's claims arise as questions of federal law.

6. This Court also has jurisdiction over this action pursuant to 28 USC §1343(a)(3), in that Mr. Huey's claims arise to redress the deprivation, under color of any state law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States.

7. All events that give rise to this action occurred in Escambia County, Alabama. Escambia County is located in the Southern District of Alabama.

## FACTS

8. In 2021 and 2022, Mr. Huey was an inmate at G.K. Fountain Correctional Facility (FCF) near Atmore, Escambia County, Alabama. Mr. Huey was serving a term of imprisonment as a result of a conviction in Alabama state court.

9. On February 28, 2022, Mr. Huey was being escorted by Officer McKinney through the mental health office at FCF when Mr. Huey encountered Captain McCall.

10. Mr. Huey and Captain McCall had a heated exchange of words. Captain McCall then told Officer McKinney to "hot rail" for him. Officer McKinney then stepped out on to a hall, and Captain McCall proceeded to beat Mr. Huey. Mr. Huey was in handcuffs and leg shackles while Captain McCall was beating him.

11. As a result of Captain McCall's attack and assault, and Officer McKinney's allowing it to happen, Mr. Huey suffered physical injury, pain, and mental anguish.

**COUNT ONE - VIOLATION OF 42 USC §1983**
**VIOLATION OF PLAINTIFF'S RIGHT TO DUE PROCESS UNDER THE FOURTEENTH AMENDMENT BY VIOLATING AN INMATE'S RIGHTS UNDER THE FOURTH AMENDMENT AGAINST USE OF EXCESSIVE FORCE**

12. Mr. Huey adopts and alleges all facts described in Paragraphs 1 through 11.

13. Prisoners in state prisons have, under the Fourteenth Amendment to the U.S. Constitution, the same rights under the Fourth Amendment to the U.S. Constitution as anyone else.

14. Among those are a right against the use of excessive force by prison guards, with whom prisoners necessarily have frequent contact.

15. The actions described in the factual resume of this Complaint describe just such use of excessive force by Captain McCall.

16. Specifically, Captain McCall had no reason to believe that Mr. Huey had committed a crime or violation of prison regulations.

17. Specifically, Officer McKinney had no reason or authority to release Mr. Huey to Captain McCall solely for the purpose of Captain McCall inflicting harm to Mr. Huey.

18. Mr. Huey posed no threat whatsoever to Captain McCall's safety. The attack occurred in a prison, where Mr. Huey was surrounded by prison guards and other officials. Whatever conversation occurred between Mr. Huey and Captain McCall was not justification for the beating inflicted upon Mr. Huey by Captain McCall. The force used by Captain McCall was unjustified under all of the circumstances of Mr. Huey's imprisonment.

19. The actions of Captain McCall and Officer McKinney caused Mr. Huey to suffer damages. Those damages include, but are not limited to:

    a. Physical injury, in that Mr. Huey was subjected to physical attack and suffered

physical injury. The injuries suffered by Mr. Huey were long-lasting in duration.

 b.  Mental suffering and anguish, in that Mr. Huey was subjected to attack by an individual whose legal duty and responsibility was to keep everyone around him safe.

20.  The actions of Captain McCall and Officer McKinney were taken, as outlined and described above, in deliberate, callous disregard of the rights of Mr. Huey. Hence, punitive damages are sought by Mr. Huey.

## COUNT TWO - VIOLATION OF 42 USC §1983
## VIOLATION OF PLAINTIFF'S RIGHT TO DUE PROCESS
## UNDER THE FOURTEENTH AMENDMENT BY VIOLATING AN INMATE'S RIGHTS UNDER THE EIGHTH AMENDMENT AGAINST CRUEL AND UNUSUAL PUNISHMENT THROUGH DELIBERATE INFLICTION OF SERIOUS PHYSICAL INJURY

21.  Mr. Huey adopts and alleges all facts described in Paragraphs 1 through 20.

22.  Prisoners being held by the state of Alabama following conviction have, under the Fourteenth Amendment to the U.S. Constitution, rights under the Eighth Amendment.

23.  Among those are a right against cruel and unusual punishment, which encompasses the right to be safe from cruel and deliberate infliction of physical injury through unprovoked and unjustified attack.

24.  The actions described in the factual resume of this Complaint describe just such cruel and unusual punishment.

25.  Specifically, Captain McCall was not authorized by anyone, especially not a court of law, to attack Mr. Huey with no provocation.

26.  Specifically, Officer McKinney was not authorized by anyone, especially not a court of law,

to allow Captain McCall to attack Mr. Huey.

27. The actions of Captain McCall and Officer McKinney caused Mr. Huey to suffer damages. Those damages include, but are not limited to:

    a. Physical injury, in that Mr. Huey was subjected to physical attack and suffered physical injury. The injuries suffered by Mr. Huey were long-lasting in duration.

    b. Mental suffering and anguish, in that Mr. Huey was subjected to attack by an individual whose legal duty and responsibility was to keep everyone around him safe.

28. The actions of Captain McCall and Officer McKinney were taken, as outlined and described above, in reckless or callous disregard of the rights of Mr. Huey. Hence, punitive damages are sought by Mr. Huey.

### COUNT THREE - VIOLATION OF 42 USC §1983
### VIOLATION OF PLAINTIFF'S RIGHT TO BE SAFE FROM EXCESSIVE AND UNNECESSARY FORCE UNDER THE FOURTH AMENDMENT

29. Mr. Huey adopts and alleges all facts described in Paragraphs 1 through 28.

30. Prisoners in state prisons have, under the Fourteenth Amendment to the U.S. Constitution, the same rights under the Fourth Amendment to the U.S. Constitution as anyone else.

31. Among those are a right against the use of excessive force by prison guards, with whom prisoners necessarily have frequent contact.

32. The actions described in the factual resume of this Complaint describe just such use of excessive force by Captain McCall.

33. Specifically, Captain McCall had no reason to believe that Mr. Huey had committed a crime or violation of prison regulations.

34. Mr. Huey posed no threat whatsoever to Captain McCall's safety. The attack occurred in a prison, where Mr. Huey was surrounded by prison guards and other officials. Whatever conversation occurred between Mr. Huey and Captain McCall was not justification for the beating inflicted upon Mr. Huey by Captain McCall. The force used by Captain McCall was unjustified under all of the circumstances of Mr. Huey's imprisonment.

35. The actions of Captain McCall caused Mr. Huey to suffer damages. Those damages include, but are not limited to:

   a. Physical injury, in that Mr. Huey was subjected to physical attack and suffered physical injury. The injuries suffered by Mr. Huey were long-lasting in duration.

   b. Mental suffering and anguish, in that Mr. Huey was subjected to attack by an individual whose legal duty and responsibility was to keep everyone around him safe.

36. The actions of Captain McCall were taken, as outlined and described above, in deliberate, callous disregard of the rights of Mr. Huey. Hence, punitive damages are sought by Mr. Huey.

## COUNT FOUR - VIOLATION OF 42 USC §1983
## VIOLATION OF PLAINTIFF'S RIGHT TO NOT BE SUBJECTED TO
## CRUEL AND UNUSUAL PUNISHMENT UNDER THE EIGHTH AMENDMENT

37. Mr. Huey adopts and alleges all facts described in Paragraphs 1 through 36.

38. Prisoners in state prisons have, under the Fourteenth Amendment to the U.S. Constitution, the same rights under the Eighth Amendment to the U.S. Constitution as anyone else.

39. Among those are a right against cruel and unusual punishment.

40. The actions described in the factual resume of this Complaint describe just such cruel and unusual punishment.

41. Mr. Huey had been sentenced to imprisonment pursuant to a conviction in Alabama state court, said sentence not authorizing random, unprovoked attacks upon Mr. Huey.

42. Specifically, Captain McCall had no authority or reason to subject Mr. Huey to wanton and unnecessary infliction of pain, as described herein.

43. Specifically, Officer McKinney had a duty to guard Mr. Huey against unwarranted, unprovoked attack. Officer McKinney further had no reason or authority to release Mr. Huey to Captain McCall solely for the purpose of Captain McCall inflicting harm to Mr. Huey. Officer McKinney was responsible for Mr. Huey's safety, and utterly failed in that duty. In fact, Officer McKinney deliberately disregarded his responsibility to Mr. Huey.

44. Mr. Huey posed no threat whatsoever to Captain McCall's safety. Whatever conversation occurred between Mr. Huey and Captain McCall was not justification for the beating inflicted upon Mr. Huey by Captain McCall. The wanton, unnecessary infliction of pain upon Mr. Huey by Captain McCall was not part of Mr. Huey's punishment, as provided for under Alabama law.

45. Officer McKinney's wanton disregard of his duty to protect Mr. Huey, and the resulting failure to guard Mr. Huey from attack, was not part of Mr. Huey's punishment, as provided for under Alabama law.

46. The actions of Captain McCall and Officer McKinney caused Mr. Huey to suffer damages. Those damages include, but are not limited to:

    a. Physical injury, in that Mr. Huey was subjected to physical attack and suffered physical injury. The injuries suffered by Mr. Huey were long-lasting in duration.

    b. Mental suffering and anguish, in that Mr. Huey was subjected to attack by an individual whose legal duty and responsibility was to keep everyone around him safe.

47. The actions of Captain McCall and Officer McKinney were taken, as outlined and described above, in deliberate, callous disregard of the rights of Mr. Huey. Hence, punitive damages are sought by Mr. Huey.

WHEREFORE, Plaintiff William Bart Huey demands judgment upon Defendants Captain McCall and Officer McKinney for compensatory damages, punitive damages, attorney's fees and costs, and such other damages as appropriate under U.S. law, in an amount in excess of the jurisdictional minimum of this Court.

**TRIAL BY JURY DEMANDED ON ALL APPROPRIATE ISSUES.**

/s/F. Luke Coley, Jr.
F. LUKE COLEY, JR.
Attorney for Plaintiff William Bart Huey
Suite 2-516, 3929 Airport Boulevard
Mobile, Alabama 36609-2238
Telephone 251-343-0818
Facsimile 251-343-0882
flcoley@bellsouth.net